**Kulwant SINGH, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 04–70280.

Agency No. A79–579–044.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.\*\*

Decided May 16, 2005.

Robert B. Jobe, Law Office of Robert B. Jobe, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before PREGERSON, CANBY and THOMAS, Circuit Judges.

MEMORANDUM\*\*\*

Kulwant Singh, a native and citizen of India, petitions for review from the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") denial of his application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, and we may reverse if the evidence compels the conclusion that the asylum decision was

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

incorrect. *See Cordon–Garcia v. INS,* 204 F.3d 985, 990 (9th Cir.2000). We grant the petition for review and remand for further proceedings.

 A review of the record compels the conclusion that Singh was persecuted on account of his imputed political opinion. Singh was arrested and beaten by Indian police on three occasions, and the police did this to him because they believed he was a Sikh militant *See Singh v. Ilchert,* 63 F.3d 1501, 1509 (9th Cir.1995). Accordingly, we grant the petition and remand to the BIA for reconsideration, consistent with this opinion, of his asylum and withholding of removal claims. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

In addition, we conclude that the IJ improperly conflated the requirements for CAT relief with the requirements for asylum and withholding of removal. *See Kamalthas v. INS,* 251 F.3d 1279, 1282–84 (9th Cir.2001) (explaining that CAT relief, unlike asylum and withholding, is not predicated upon torture on account of an enumerated ground). As for the IJ's statement that internal relocation was a possibility for Singh, we note the record reflects that the police attempted to find him even after he relocated within India. Therefore, we also remand for an independent analysis of petitioner's eligibility for CAT relief. *See Lopez v. Ashcroft,* 366 F.3d 799, 805–07 (9th Cir.2004).

**PETITION FOR REVIEW GRANTED; REMANDED.**